IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN PHILLIPS,

        Plaintiff,                      No. 2:13-cv-0375 EFB P

    vs.

TERRY TOLIVER, et al.,            ORDER

        Defendants.
                             /

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## II.  Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a

////

////

claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    The Complaint (Dckt. No. 1)**

Plaintiff alleges that he is a Muslim inmate. He claims that his December 4, 2012 request for Friday "Al Jumuah" congregational prayer time, was denied. He claims that his December 9, 2012 request for the same was denied by defendant Terry Toliver, the jail's chaplain. Plaintiff alleges he was informed through the administrative grievance process that the jail was "not conducive" to "Jumuah prayer." Plaintiff claims that he is unable to practice his religious beliefs in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). In addition to Toliver, plaintiff names the Sacramento County Sheriff's Department as a defendant. Plaintiff seeks injunctive relief only.

**IV.    Screening Order**

The court has reviewed plaintiff's complaint and for the limited purposes of § 1915A screening and liberally construed, finds that it states a cognizable RLUIPA claim against defendant Toliver. It does not, however, state a cognizable First Amendment claim or a claim against the Sacramento County Sheriff's Department.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, plaintiff names the Sacramento County Sheriff's Department as a defendant. "Municipalities and other local government units . . . [are] among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, a municipal entity or its departments, is liable under § 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *See Villegas v.*

*Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (citing 436 U.S. at 690-94). Plaintiff fails to state a claim against the Sheriff's Department/County because his allegations do not show that he was injured as a result of employees acting pursuant to any policy or custom of the department.

If plaintiff wishes to impose liability against an individual defendant he must allege in an amended complaint facts showing that a specific individual, though his own actions, violated plaintiff's constitutional rights. However, an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

The Free Exercise Clause of the First Amendment provides, "Congress shall make no law . . . prohibiting the free exercise" of religion. U.S. CONST., amend. I. Only those beliefs that are sincerely held and religious in nature are entitled to constitutional protection. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (plaintiff must show that the activity is both "sincerely held" and "rooted in religious belief"). An inmate's right to exercise religious practices, "may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam). Four factors are relevant in determining whether a prison regulation impermissibly infringes on an inmate's constitutional rights: (1) whether there is a "valid, rational connection between the

4

prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally"; and (4) the "absence of ready alternatives." *Turner v. Safley*, 482 U.S. 78, 89-90 (1987) (internal quotations omitted); *see also Mayweathers v. Newland*, 258 F.3d 930, 938 (9th Cir. 2001) (noting that "although there is no substitute for attending Jumu'ah services, the absence of alternatives does not require a holding in favor of the inmates [if] they 'retain the ability to participate in other Muslim religious ceremonies.'"). Here, plaintiff fails to state a First Amendment claim because he does not allege sufficient facts to demonstrate that any defendant denied him Friday Jumuah prayer services without a legitimate basis for doing so. *See Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997) (requiring that plaintiff show that defendants' conduct lacked justification related to legitimate penological interests).

RLUIPA provides that "no [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," *unless the government shows* that the burden furthers "a compelling government interest" by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). "Religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* § 2000cc-5(7)(A). A "substantial burden" is one that imposes a significantly great restriction or onus on religious exercise. *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034-35 (9th Cir. 2004). Here, plaintiff alleges that through Toliver's denial of Friday Jumuah prayer, he is not able to practice his religious beliefs as a Muslim. Liberally construed, plaintiff states a RLUIPA claim.

Thus, plaintiff may proceed with his RLUIPA claim against defendant Toliver or he may amend his complaint to attempt to cure the deficiencies identified above. Plaintiff is not obligated to amend his complaint.

1  Any amended complaint must be written or typed so that it so that it is complete in itself
2  without reference to any earlier filed complaint. L.R. 220.  This is because an amended
3  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
4  earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
5  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
6  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
7  1967)).

8  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an
9  amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
10 complaints).

11 If plaintiff chooses to proceed only on his RLUIPA claim against defendant Toliver, the
12 court will construe plaintiff's election as his voluntary dismissal of all remaining claims and
13 defendants, without prejudice.

14 Accordingly, IT IS HEREBY ORDERED that

15 1. Plaintiff's request to proceed in forma pauperis is granted.

16 2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
17 accordance with the notice to the Sheriff of Sacramento County filed concurrently herewith.

18 3. The allegations in the pleading are sufficient at least to state a cognizable RLUIPA
19 claim against defendant Toliver. *See* 28 U.S.C. § 1915A.

20 4. All other claims and defendants are dismissed with leave to amend within 30 days of
21 service of this order.  Plaintiff is not obligated to amend his complaint.

22 5. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a
23 copy of the February 25, 2013 complaint, one USM-285 form and instructions for service of
24 process on defendant Toliver.  Within 30 days of service of this order plaintiff may return the
25 attached Notice of Submission of Documents with the completed summons, the completed
26 USM-285 form, and two copies of the endorsed complaint.  The court will transmit them to the

6

1 United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil
2 Procedure.  Defendant Toliver will be required to respond to plaintiff's allegations within the
3 deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.  In this event, the court
4 will construe plaintiff's election to proceed forthwith as his voluntary dismissal of all remaining
5 claims and defendants, without prejudice.

6  6.  Failure to comply with this order may result in this action being dismissed.

7 Dated:  May 20, 2013.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN PHILLIPS,

      Plaintiff,                    No. 2:13-cv-0375 EFB P

      vs.

TERRY TOLIVER, et al.,

      Defendants.             <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

      In accordance with the court's Screening Order, plaintiff hereby elects to:

      (1) _____ proceed only with the cognizable claims identified in the court's Screening Order, consent to the dismissal of all remaining claims and defendants, and submits the following documents:

          __1__     completed summons form

          __1__     completed forms USM-285

          __2__     copies of the endorsed February 25, 2013 complaint

**<u>OR</u>**

      (2) _____ delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

Dated:

                                            _____
                                                        Plaintiff