UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN PHILIPS,

    Plaintiff,

v.

TERRY TOLIVER, et al.,

    Defendants.

No. 2:13-cv-375-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS[1]

    Plaintiff, an inmate confined at the Sacramento County Main Jail, is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendant Toliver prevented him from practicing his religious beliefs (Muslim) in violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Plaintiff seeks injunctive relief only. *See* ECF No. 1, § V (requesting prayer and study time at the Sacramento County Main Jail).

    Defendant Toliver moves to dismiss this action as moot because plaintiff is no longer incarcerated at the Sacramento County Main Jail. ECF No. 22; *see also* ECF Nos. 10, 14, 21 (noting plaintiff's transfers to Rio Cosumnes Correctional Center, then to North Kern State Prison and then to Valley State Prison). The court previously granted plaintiff two extensions of time to

---

[1] Defendant did not respond to the court's order directing him to complete and return the form indicating either his consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

1

file a response to defendant's motion. ECF Nos. 27, 29. On March 24, 2014, plaintiff requested yet a third, ninety day extension of time, explaining that he "will be getting released from prison shortly" and "would like the extra time [to] look for legal counsel due to the complex issues of this case." ECF No. 30. That request for an extension of time is denied.[2]

As explained below, the fact that plaintiff will be released from prison in the near future supports defendant's motion to dismiss this action as moot. Further, plaintiff who initiated this action pro se has demonstrated, from his complaint and subsequent request, his ability to file a document explaining his position. He has had several opportunities to submit a written statement explaining why, in his view, the case is not moot. The deadline for responding to defendant's motion has long since passed and plaintiff has filed to file an opposition to the motion. The court deems plaintiff's failure to respond to as a waiver of opposition to the motion. *See* E.D. Cal. Local Rule 230(*l*).

A federal action should "be dismissed as moot when, by virtue of an intervening event," a federal court cannot grant "any effectual relief whatever" in favor of the party seeking relief. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (internal quotation omitted). Here, the docket reflects that plaintiff has not been confined to the Sacramento County Main Jail since July 12, 2013. ECF No. 10. Because plaintiff is no longer housed at the Sacramento County Main Jail, he is no longer subject to the jail's limitations on prayer and study time, and defendant Toliver is no longer able to provide plaintiff with the relief he requests. Therefore, plaintiff's claim for injunctive relief is moot. *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) ("It is true that when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility.")

Plaintiff has informed the court that he will be released from prison soon. Thus, his claims do not fall under the "capable of repetition, yet evading review" exception to the mootness doctrine because he is not reasonably likely to be transferred back to the Sacramento County Main Jail. And even if he was so transferred, and the alleged civil rights violations were to

---

[2] Plaintiff's hope of retaining counsel upon his release from prison does not amount to good cause justifying another extension of time, and the issues in this case are not unusually complex.

resume, there is no indication that they would be too short in duration to be fully litigated before cessation. *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, . . . where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.") (internal quotation marks omitted).

For these reasons, the court finds that this action must be dismissed as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's third request for an extension of time (ECF No. 30) is denied.
2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss this action, with prejudice (ECF No. 22), be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE